UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Primerica Life Insurance Company, | ) | C/A No. |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | **COMPLAINT FOR** |
| Versus | ) | **DECLARATORY JUDGMENT** |
| | ) | (*Non-Jury*) |
| Angela Richardson, | ) | (*Declaratory Judgment*) |
| | ) | |
| *Defendant*. | ) | |

The Plaintiff, Primerica Life Insurance Company (hereinafter the "Plaintiff" and/or "Primerica"), complaining of the Defendant Angela Richardson (hereinafter the "Defendant"), alleges as follows:

1. Primerica is a corporation organized and existing under the laws of Tennessee with its principal place of business in Georgia. Primerica is authorized to do business and does business in South Carolina.

2. Upon information and belief, Defendant Angela Richardson is a resident and citizen of Florence County, South Carolina.

3. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**FACTS**

5. On March 31, 2017, Primerica issued to Defendant Angela Richardson and Lonnie Demetrius Freeman (hereinafter, the "Decedent") the subject term life insurance policy, number

0490623827 (the "Policy"), which provided, in part, $300,000 base coverage with a 10% increasing benefit rider, $25,000 children benefit rider, and $200,000 spouse benefit rider. A copy of the Policy is attached, marked as <u>Exhibit 1</u>, and incorporated into this Complaint by reference.

6. At all material times, Defendant was the Owner and a Beneficiary of the coverage under the Policy.

7. The Policy was made and delivered in Florence County, South Carolina.

8. The Policy was based on and was issued in reliance upon information completed by the Decedent contained in the Application for Individual Term Life Insurance (hereinafter the "Application") dated March 14, 2017. A copy of the Application is attached, marked as <u>Exhibit 2</u>, and incorporated into this Complaint by reference.

9. Following a lapse, the Policy was reinstated based on and in reliance upon information completed by the Decedent contained in the Reinstatement Application for Individual Term Life Insurance (hereinafter the "Reinstatement Application") dated February 1, 2024. A copy of the Reinstatement Application is attached, marked as <u>Exhibit 3</u>, and incorporated into this Complaint by reference.

10. The Defendant was an independent contractor sales agent with Primerica from April 24, 1998 until February 28, 2023, providing her with superior knowledge of the application process.

11. As a part of the Application and Reinstatement Application, Decedent was required to answer a series of questions about his medical history and usage of nicotine products.

12. Primerica relied on those answers in deciding whether or not to insure the Decedent under the Policy, as requested in the Application and Reinstatement Application.

13. In the Reinstatement Application, Decedent failed to disclose any negative information related to the Decedent's pre-application medical history that upon information and belief, was known to Decedent for a significant amount of time before Decedent applied for the Policy.

14. In response to and in reliance upon the representations in the Reinstatement Application, Primerica reissued the Policy (the "Reinstated Policy").

15. Decedent died on June 19, 2025, as a result of aspiration pneumonia, alcohol cirrhosis of the liver, and symptomatic anemia at which time the coverage on his life under the Policy was $320,000 (the "Benefit"). A copy of Decedent's death certificate is attached, marked as Exhibit 4, and incorporated into this Complaint by reference.

16. On November 4, 2025, Primerica received a Claimant's Statement from Defendant by which she sought to be paid the Spouse Rider Benefit under the Reinstated Policy. A copy of Defendant's Claimant's Statement is attached, marked as Exhibit 5, and incorporated into this Complaint by reference.

17. Because Decedent's death occurred within two years of the issuance of the Reinstated Policy, Primerica conducted a routine and customary contestable claim investigation.

18. As a part of its contestable claim investigation, Primerica obtained and reviewed the Decedent's medical records.

19. In connection with Primerica's contestable claim investigation, Primerica learned from the Decedent's medical records that he had a history and treatment of pancreatic insufficiency, recommendation to start pancreatic enzyme replacement medication, and daily nicotine use that pre-dated the Reinstatement Application.

20. By letter dated January 16, 2026, Primerica denied Defendant's claim. A copy of the denial letter is attached, marked as Exhibit 6, and incorporated into this Complaint by reference.

21. The bases for Primerica's denial were various false representations made by Decedent on the Reinstatement Application including, but not limited to, the failure to disclose the Decedent's history and treatment of pancreatic insufficiency, recommendation to start pancreatic enzyme replacement medication, and daily nicotine use.

22. On the Reinstatement Application, Decedent represented that all statements and answers provided were full, complete and true to the best of her knowledge and belief.

23. The answers Decedent provided were, in fact, neither true nor complete.

24. With regard to the representations made by Decedent on the Reinstatement Application:

   a) Decedent represented in the Reinstatement Application that he did not have any disease or disorder affecting the pancreas and had not used nicotine in the preceding five years;

   b) Decedent's representations were material to the risk insured;

   c) Primerica investigated the claim and determined those representations to be false;

   d) Had Primerica been aware of the material misrepresentations made by Decedent, Decedent would not have qualified for coverage and Primerica would have declined to reinstate coverage on his life under the Policy.

### FOR A FIRST CAUSE OF ACTION
**(Constructive Fraud)**

25. Each of the foregoing paragraphs is re-alleged as if fully repeated verbatim herein.

26. With regard to the answers given by the Decedent on the Reinstatement Application

   i. The decedent made representations about his medical history when he completed the Reinstatement Application;

   ii. The representations made by the decedent were false;

    iii. The representations were material to the risk insured;

    iv. Decedent knew the representations were false or acted with reckless disregard of its falsity;

    v. Primerica was ignorant of its falsity;

    vi. Primerica did in fact rely on the representations;

    vii. Primerica had a right to rely on the representation by virtue of the Application and by virtue of § 38-63-220(d) of the South Carolina Code of Laws;

    viii. Primerica suffered both consequent and proximate injury do to Decedent's representations on the Reinstatement Application. Had the history and treatment of pancreatic insufficiency, recommendation to start pancreatic enzyme replacement medication, and daily nicotine use been disclosed, Primerica would have declined to reinstate coverage on the life of the Decedent.

27. Primerica is entitled to a rescission of the Reinstated Policy as to the Decedent, because the above-referenced misrepresentations, even if unintentional, constitute an equitable fraud against Primerica and are grounds for rescission of the coverage on the life of the Decedent under the Reinstated Policy pursuant to controlling South Carolina law.

### FOR A SECOND CAUSE OF ACTION
**(Declaratory Judgment)**

28. Each of the foregoing paragraphs is re-alleged as if fully repeated verbatim herein.

29. Pursuant to the fraudulent and/or material misrepresentation made in the Reinstatement Application, Primerica is entitled to a declaration from this Court that the Reinstated Policy is rescinded pursuant to § 38-63-230(A)(2) of the South Carolina Code of Laws.

25. Pursuant to § 15-53-10, et seq., of the South Carolina Code of Laws, Primerica is entitled to a declaration from this Court that it has no obligation to the Defendant, or to any other person under the Reinstated Policy arising from Decedent's death.

WHEREFORE, the Plaintiff, Primerica Life Insurance Company, prays that this Court rescind the Reinstated Policy and declare that the Plaintiff has no obligation to the Defendant Angela Richardson or to any other person under the Reinstated Policy.

                        HOOD LAW FIRM, LLC
                        172 Meeting Street
                        Post Office Box 1508
                        Charleston, SC 29401/02
                        Ph: (843) 577-4435
                        Fx: (843) 722-1630
                        E: Info@hoodlaw.com

                        ***s/ James B. Hood***
                        James B. Hood (9130)
                        james.hood@hoodlaw.com
                        Hannah F. Marchant (14373)
                        hannah.marchant@hoodlaw.com

**February 9, 2026**          *Attorneys for Plaintiff*
Charleston, South Carolina    *Primerica Life Insurance Company*